PHILIP REILLY *vs.* ASA P. RAND.

Hampden. Sept. 25. — 26, 1877. ENDICOTT & LORD, JJ., absent.

In an action for the use of a derrick, upon evidence being put in by the defendant that a block and chain on the derrick broke in using it, the plaintiff may put in evidence that it is a usual thing for blocks and chains on any derrick to break when in use.

A claim for the use of a chattel for a certain time is supported by proof that, during that time, the defendant had it in his possession, with the right to use it whenever he pleased.

CONTRACT on an account annexed for the use of a derrick.

At the trial in the Superior Court, before *Bacon,* J., the plaintiff offered evidence tending to show that the derrick was in the defendant's possession a certain number of days; that the defendant, before it came into his possession, asked the plaintiff what he should charge for it, and the plaintiff answered that he should charge a dollar a day, Sundays excepted, from the time he should take it till he returned it; that the defendant replied that it was too much, but immediately afterwards, without any other conversation as to any definite price, and at the same interview, said he would send for it, and did send for it the next morning; and that the fair cash value for the use of such a derrick was a dollar a day.

The plaintiff asked a witness called by him, who testified that he was accustomed to use derricks, and used this derrick while in the defendant's possession, what was a fair price for the use of such a derrick per day, to which he replied a dollar a day. On cross-examination, this witness testified that the derrick was somewhat worn, that one of the blocks broke, and that one of

the chains broke frequently. On reëxamination, the plaintiff asked, "Is it a usual thing for blocks and chains on any derrick to break when in use?" The defendant objected, but his objection was overruled, and the witness answered "Yes."

The plaintiff also asked a witness called by him, who was accustomed to the use of derricks, how much difference it made with a derrick, whether it remained idle, standing in a quarry exposed to the weather, or was in actual use. The defendant objected on the ground that, under the pleadings, the plaintiff could recover only for the time the derrick was actually used by the defendant, and not for the time it stood idle in his quarry. The objection was overruled, and the witness replied that " 't made no great difference." The evidence was uncontradicted that the derrick was set up in the defendant's quarry, and remained there during the whole time it was in his possession, but that it was standing unused at least three fourths of the time.

The jury returned a verdict for the plaintiff for the full amount claimed ; and the defendant alleged exceptions.

*E. B. Gillett & H. B. Stevens*, for the defendant.

*M. B. Whitney & J. R. Dunbar*, for the plaintiff.

BY THE COURT. The evidence admitted upon reëxamination was competent to show that the derrick was of the ordinary quality. The claim for use of the derrick by the defendant was supported by proof that he had it in his possession, with the right to use it whenever he pleased.          *Exceptions overruled.*